UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STACY L. HARRINGTON-LEARN,

                              Plaintiff,

                                                                  DECISION AND ORDER

                                                                     18-CV-661L

                                v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On September 9, 2014, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since December 25, 2013. Her application was initially denied. Plaintiff requested a hearing, which was held via videoconference on March 23, 2017 before Administrative Law Judge ("ALJ") Carl E. Stephan. (Administrative Transcript, Dkt. #8 at 11).

       The ALJ issued a decision on September 19, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 11-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 10, 2018. (Dkt. #7 at 1-3). Plaintiff now appeals. The plaintiff has moved for judgment remanding the matter (Dkt. #9), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is

denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

The ALJ found that the plaintiff had severe impairments, consisting of neck and back pain, depression, anxiety and migraine headaches, which did not meet or equal a listed impairment. With respect to plaintiff's mental impairments, the ALJ found that plaintiff has mild limitations in understanding, remembering and applying information; moderate limitations in interacting with others; mild limitations in concentration, persistence and pace; and mild limitations in adapting and managing herself. The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, and is capable of understanding, remembering and carrying out simple instructions and performing simple tasks. Plaintiff can occasionally understand, remember and carry out complex instructions, and/or perform complex tasks with supervision. She is limited to low-stress jobs, defined as those requiring only simple work-related decisions, no more than occasional interactions with coworkers, supervisors and the public, and no more than occasional changes to the work setting. (Dkt. #7 at 18-19).

When the ALJ presented this RFC as a hypothetical to vocational expert Salvatore Garozzo at a supplemental hearing, the vocational expert opined that such an individual could perform the positions of assembler of electrical accessories, production assembler, and housekeeping cleaner. (Dkt. #7 at 23).

**III. Issues on Appeal**

Initially, plaintiff argues that the RFC determined by the ALJ and posed to the vocational expert was incorrect, in that the ALJ characterized plaintiff's limitations on social interaction as part of her RFC, rather than as "reasonable accommodations" that would need to be made by an employer on a case-by-case basis. Specifically, plaintiff notes that the vocational expert testified that the amount of interaction required with supervisors can vary from position to position, and from employer to employer.

Regardless of any discrepancies between individual employers, the vocational expert also testified that the interaction involved in two of the categories of eligible positions he had identified – housekeeping and production jobs – typically falls *below* the occasional level. As such, because the vocational expert testified that a person with plaintiff's RFC could perform these positions as they are typically performed, the Commissioner met his burden to prove that there are positions in the economy that plaintiff could undertake despite her limitations.

Plaintiff also argues that the ALJ erred by failing to include limitations in plaintiff's RFC that are sufficient to account for her allegedly frequent and severe migraine headaches.

The Court disagrees. While the ALJ found that plaintiff's migraines were a "severe" impairment, the record supports the ALJ's finding that plaintiff's headache complaints were intermittent, and that medication assisted in controlling them. (Dkt. #14-1 at 16-17, 53). To the extent that plaintiff testified that she suffers from three or four debilitating migraine headaches per

week that last from one to three hours with only slight relief from medication, the ALJ did not err in declining to credit that testimony. Initially, plaintiff had worked successfully in the past despite having migraines for her entire life – including during her prior full-time work as a cleaner in 2016 – and testified at her hearing that it was fibromyalgia – not migraine headaches – that she believed prevented her from working.[1]  (Dkt. #7 at 45-46, 51-52).

Furthermore, plaintiff's statements conflicted with her treatment records, in which she periodically complained of headaches, primarily during a 7-month long period in 2016, but otherwise denied recent headaches at every appointment during the relevant period in which the question was posed to her. *See* Dkt. #7 at 348 (complaining of headaches in June 2013); 328 (reporting 3-4 headaches per week as of March 19, 2014); 325 (reporting no headaches between March 19, 2014 and June 2014); 322 (denying headaches in September 2014); 324 (denying headaches in September 2014); 318 (denying headaches in October 2014); 638 (denying headaches in November 2014); 635 (denying headaches on December 4, 2014); 611 (complaining of headaches on December 19, 2014); 633 (denying headaches in January 2015); 605 (complaining of headaches in July 2015, but noting that plaintiff was unable to take her usual medications due to pregnancy); 604 (denying headaches in October 2015); 601 (denying headaches in November 2015); 597 (complaining of headaches 3-4 times per week in February 2016); 595 (complaining of headaches in April 2016); 592 (complaining of daily headaches in August 2016); 590 (denying headaches in September 2016); 586 (denying headaches in October 2016); 583 (complaining of "daily" headaches in December 2016); 581 (denying headaches in January 2017); 583 (denying headaches in March 2017). Finally, none of plaintiff's treating or examining physicians have

---

[1] As the ALJ noted, despite plaintiff having testified that she has fibromyalgia and lupus, there is no evidence of record – aside from treatment notes in 2014 which mentioned that plaintiff was being *evaluated* for fibromyalgia – that plaintiff was ever diagnosed with, or treated for, either condition by any acceptable medical source. (Dkt. #7 at 15, 322-23).

4

ever opined, or made notations in treatment notes that would suggest, that plaintiff's migraine headaches pose any particular limitations on her ability to function, or to perform the requirements of work. To the contrary, although consulting internist Dr. Samuel Balderman fully credited plaintiff's self-report that she has suffered "three [migraine] headaches a week" for the past 25 years, each lasting for up to an hour even with medication, he did not find any work-related limitations with respect to plaintiff's migraines. (Dkt. #7 at 564-67).

As such, the ALJ's failure to explicitly include limitations in his RFC finding related to plaintiff's migraines was supported by substantial evidence, and was not erroneous.[2]

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and that to the extent it contained legal error, such error is harmless. The plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 9, 2019.

---

[2] The ALJ did, referencing "consideration of the entire record," include limitations to simple, low stress work with no more than occasional involvement with complex instructions or tasks. However, the ALJ did not identify whether, or the extent to which, any of these limitations was intended to account for plaintiff's migraine headaches. As such, the Court will not presume that the ALJ intended to incorporate any. (Dkt. #7 at 18).